UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DORIAN TREVOR SYKES,

    Plaintiff,

v.                                                        Case No: 5:21-cv-619-WFJ-PRL

FEDERAL BUREAU OF PRISONS, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff Dorian Trevor Sykes' Civil Rights Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff names eight Defendants and alleges that Defendants are retaliating against, threatening, and harassing him due to his pending lawsuit. He asserts that he is suffering mental anguish as a result. Plaintiff also seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 2).

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g)    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons and he is not under imminent danger of serious physical injury, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. §1915(g). *See, e.g.*, *Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice of three federal actions previously brought by Plaintiff that qualify as "strikes" under § 1915(g): (1) *Dorian Trevor Sykes v. Federal Bureau of Prisons, et al.*, 5:09-cv-389-Oc-22GRJ (M.D. Fla.) (abuse of judicial process)[1]; (2) *Dorian Trevor Sykes v. Federal Bureau of Prisons, et al.*, 1:07-cv-1004-DDD (W.D. La.) (frivolous and failure to state a claim); and (3) *Dorian Trevor Sykes v. Gary M. Biniecki*, 2:20-cv-11330 (E.D. Mich.) (failure to state a claim). Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's allegations of retaliation, threats, and harassment, as well as his assertion that "his safety and life is in imminent danger, due to him having thoughts of self-harm and suicidal ideation," are insufficient to warrant the imminent danger

---

[1] In *Rivera*, the Eleventh Circuit found that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).

exception to dismissal. Plaintiff may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.

It is now **ORDERED** and **ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.
2. The Clerk of Court is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Tampa, Florida on December 21, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro Se Plaintiff
Counsel of Record